IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph Hicks, III,                          :

     Plaintiff              :  Civil Action 2:05-cv-832

  v.                                    :  Judge Frost

John Shaffer, *et al.*,                     :  Magistrate Judge Abel

     Defendants            :

## Initial Screening Report and Recommendation

 Plaintiff Joseph Hicks, III brings this civil rights action under 42 U.S.C. §1983. Plaintiff's

motion to proceed without prepayment of fees and costs is GRANTED.

 This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C.

§1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any

portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. *See, McGore v.*

*Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the only claim

in the complaint that pleads the date on which the alleged unconstitutional actions were taken pleads

a date more than two years before the date Hicks tendered his complaint to the Clerk of Court. The

statute of limitations for claims under 42 U.S.C. § 1983 is two years. *Browning v. Pendleton,* 869

F.2d 989, 992 (6th Cir. 1989)(en banc). For that reason, the Magistrate Judge recommends dismissal

of the complaint as barred by the statute of limitations.

 The complaint alleges that defendant Village of Amsterdam Police Officer John Weston

engaged in a 2½ year pattern of harassing, following, stopping, and issuing unwarranted traffic

tickets to plaintiff Hicks. The date of Weston's first and last alleged unconstitutional acts is not

Dockets.Justia.com

alleged.  The complaint further alleges that Hicks complained to Village of Amsterdam Mayor Mike Morgan, Assistant District Attorney John Shaffer, and Magistrate Judge Michael C. Bednar about Weston's conduct.  Finally, the complaint alleges that during October 23, 2002 judicial proceedings defendants Bednar, Shaffer, and Weston denied Hicks constitutional rights.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* prisoner complaints must be liberally construed.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>.  The complaint alleges that during October 2002 defendants denied plain-tiff constitutional rights.  Suits alleging § 1983 claims must be brought within two years of the alleged unconstitutional acts.  *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989)(en banc).  Since more than two years has passed since the October 2002 events alleged in the complaint, plaintiff's suit is untimely.

Even if plaintiff had timely filed suit, the complaint fails to state a claim against Amsterdam Mayor Mike Morgan, Assistant District Attorney John Shaffer, and Magistrate Judge Michael C. Bednar because it alleges that their acts occurred during judicial proceedings.  Magistrate Judge Bednar is immune from suit because the complaint alleges that his acts as a judge deprived plaintiff

of constitutional rights.  *Stump v. Sparkman,* 435 U.S. 349, 359 (1978).  Assistant District Attorney Shaffer is similarly immune from suit because the complaint alleges that his acts as a prosecutor during a judicial proceeding deprived plaintiff of constitutional rights.  *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).  Mayor Morgan's acts as a witness during a judicial proceeding are protected by witness immunity.  *Briscoe v. LaHue,* 460 U.S. 325, 342-46 (1983).

To the extent that the complaint may be intended to state a claim against Mayor Morgan for acts unconnected with the October 2002 judicial proceedings, it does not allege that he personally acted to deprive plaintiff of a constitutional right.  To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  *Respondeat superior* is not a basis for liability.  *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Here there are not factual allegations that, if proved, would establish that Mayor Morgan acted to deprive plaintiff of a constitutional right.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because  it fails to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating

this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.


s/Mark R. Abel_____
United States Magistrate Judge