IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joseph Hicks, III, | : | |
| Plaintiff | : | Civil Action 2:05-cv-832 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| John Shaffer, *et al.*, | : | Magistrate Judge Abel |
| Defendant | | |
| | : | |

**ORDER**

Plaintiff Joseph Hicks, III brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants John Shaffer, John Watson, Mike Morgan, Michael C. Bednar, and Amsterdam Police Department engaged in a 2 1/2 year pattern of harassing, following, stopping, and issuing unwarranted traffic tickets to Hicks.  This matter is before the Court on Magistrate Judge Abel's September 9, 2005 Initial Screening Report and Recommendation (doc. 2) that  recommended dismissing Hick's complaint because his claims are barred by the two year statute of limitations applicable to section 1983 claims.  No objections were filed to the Report and Recommendation.

Claims brought pursuant to 42 U.S.C. § 1983 are subject to a two year statute of limitations.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).  Hick's complaint fails to state the dates on which the alleged constitutional violations occurred.   The only date contained in the complaint is October 23, 2002, a date on which defendants Bednar, Shaffer, and Weston allegedly violated Hick's constitutional rights at a judicial proceeding. (Compl. ¶¶ 16-27*).*  The Magistrate Judge properly concluded that based on the information provided in the complaint, Hick's claims are barred by the statute of limitations.   Therefore, Hicks complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a

claim.

Further, the Magistrate Judge properly determined:

Even if plaintiff had timely filed suit, the complaint fails to state a claim against Amsterdam Mayor Mike Morgan, Assistant District Attorney John Shaffer, and Magistrate Judge Michael C. Bednar.  Magistrate Judge Bednar is immune from suit because the complaint alleges that his acts as a judge deprived plaintiff of constitutional rights.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Assistant Director Attorney Shaffer is similarly immune from suit because the complaint alleges that his acts as a prosecutor during a judicial proceeding deprived plaintiff of constitutional rights.  *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).  Mayor Morgan's acts as a witness during a judicial proceeding are protected by witness immunity.  *Briscoe v. LaHue*, 460 U.S. 325, 342-46 (1983).

To the extent that the complaint may be intended to state a claim against Mayor Morgan for acts unconnected with the October 2002 judicial proceedings, it does not allege that he personally acted to deprive plaintiff of a constitutional right.  To establish liability under § 1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  Respondeat superior is not a basis for liability.  *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. § 1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Here there are not factual allegations that, if proved, would establish that Mayor Morgan acted to deprive plaintiff of a constitutional right.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Magistrate Judge's September 9, 2005 Initial Screening Report and Recommendation (doc. 2).  This actions is **DISMISSED** because it fails to state a claim under 42 U.S.C. § 1983.

   /s/   Gregory L. Frost  
Gregory L. Frost, Judge  
United States District Court